IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL ROMEO GERACI,**

        **Petitioner,**

   v.                          **CIVIL ACTION NO. 5:19cv290**
                                       **(Judge Bailey)**

**HUDKINS WARDEN,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On October 15, 2019, the *pro se* petitioner, Michael Geraci, filed this petition for writ of habeas corpus pursuant to 28 U.C. § 2241, and on October 28, 2019, he paid the $5.00 filing fee. This case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §1915A.

### I. PETITION

The petitioner alleges that BOP medical staff have been deliberately indifferent to a shoulder injury which he initially reported to medical staff at USP McCreary on April 11, 2013. The petitioner further alleges that he reported the injury at every medical review and intake at subsequent places of incarceration. He indicates that he eventually was afforded an x-ray at FCI Gilmer on September 13, 2017 which revealed he most likely had a rotator cuff injury. The petitioner also alleges that an MRI on December 21, 2018, revealed a severe shoulder injury, and on May 13, 2019, an orthopedic specialist informed him that he would need a shoulder replacement. He maintains that he filed an administrate tort claim

("SF-95") and a BP-8, but had not heard anything back on either.

In addition to his allegations regarding his shoulder, the petitioner also alleges that the BOP has not yet updated his sentence computation pursuant to the First Step Act "FSA.". The petitioner maintains that when updated, his statutory release date will be November 20, 2019.

For relief, the petitioner seeks an order directing the BOP to immediately update his sentence computation in line with the FSA. In addition he requests that this Court rule that his Eighth Amendment has been violated by the BOP by its deliberate indifference and delay in seeking treatment for his shoulder injury. Finally, he asks that he released to a Residential Reentry Center or Home Confinement on November 20, 2019, so that can seek proper medical care.

## II. AMENDMENT TO PETITION

One month after he filed his petition, the petitioner sought leave to amend his petition. The undersigned has granted that motion without requiring the petitioner to file an amended petition on the Court-approved form. In his amendment, the petitioner indicates that on November 1, 2019, he was informed that his pre-release packet had been returned, and he was submitted to receive nine to twelve months of RRC placements, but for unknown reasons only received six months, nineteen days for a release to an RRC on April 20, 2020.

The petitioner argues that this minimum RRC placement is contrary to both BOP policy recommendations and both the Second Chance Act and the FSA. He also maintains that an RRC placement on April 30, 2020 is only punishing him needlessly. He argues that he has a clear and compelling reason to seek immediate release to either home

confinement or other pre-release to have his left shoulder replaced. Again, the petitioner requests that he be immediately released to either supervised release, home confinement or an RRC, all effective November 20, 2019.

### III. Standards of Review

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal, but for one issue. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief with respect to his medical claims, his good conduct time, or his request for RRC placement or home confinement.

## IV. Analysis

**A. Medical Claims**

A section 2241 petition is used to attack the manner in which the sentence is executed. See 28 U.S.C. § 2241. In a 2241 petition, a prisoner may seek relief from issues such as parole denial, sentence computation, good conduct time, the Inmate Financial Responsibility Program, residential reentry centers, or residential drug treatment programs. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." Glaus v.Anderson, 408 F.3d 382, 386 (7th Cir. 2005). Also worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or a speedier release from active confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973). On the other hand, a Bivens action is used to hold federal officers "individually liable for constitutional violations." Starr v. Baca, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a Bivens action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. See Bivens, 403 U.S. at 392-94. Further, " [a]lthough 'more limited in some respects,' a Bivens action is the federal analog to an action against state or local officials under § 1983." Id. (quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)); see Preiser, 411 U.S. at 499 ( "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody." ) In the instant action, to the extent that the petitioner is alleging that he is entitled to relief` because of negligence or deliberate indifference to his shoulder injury,  it is clear that his petition is  not an attack on, nor are its claims related in any way to, the execution of his

sentence. To pursue any claims regarding medical negligence or deliberate indifference, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and/or a Federal Tort Claims Act and pay the $400.00 filing fee.[2]

**B. Good Conduct Time**

In his original petition, the petitioner noted that the BOP had not yet updated his sentence computation pursuant to the FSA, and requested that this Court immediately order the BOP to update the same. An exhibit attached to the petitioner's pending Motion for Summary Judgment, establishes that his sentence computation was updated on October 8, 2019[3], to reflect the change to Good Conduct Time pursuant to the FSA. More specifically, as required by the FSA, he was awarded 54 days for reach year of his imposed sentence, or 540 days. However, he had a total of 40 days of disallowed GCT for disciplinary infractions. ECF No. 15-2 at p. 5. Accordingly, the petitioner's current projected release date via good conduct time is November 25, 2020. See bop.gov/inmateloc/.

**C. RRC/Home Confinement**

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-99, was enacted. It amended 18 U.S.C. § 3624 and provides that the Director of the BOP shall "ensure that

---

[1] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must file a Bivens action as opposed to one under §1983.

[2] If granted *in forma pauperis* status, the fee would be $350.00, payable in installments pursuant to a designated formula.

[3] The undersigned suspects that the petition crossed in the mail with notification to the petitioner of his recalculated GCT.

a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." <u>See</u> 18 U.S.C. § 3624(c)(l). The statute provides that those conditions may include confinement in a community correctional facility/community corrections center/residential re-entry center, all of which are commonly known as a "half-way house." The statute provides that the decision to confine a prisoner in a "half-way" house shall be made on an individual basis and shall be made considering several factors, most of which are identified in 18 U.S.C. 362l(b). <u>See</u> <u>Miller v. Whitehead</u>, 527 F.3d 752 (8th Cir. 2008) (BOP may consider factors in addition to those identified in 3621(b)). The factors identified in 18 3621(b) are as follows:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."

However, a prisoner is not automatically entitled or guaranteed such placement for any minimum period. 18 U.S.C. § 3624(c). The FSA does not alter this rule.

With respect to home confinement, the FSA amended 18 U.S.C. § 3624(c)(2) to provide:

> Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2); First Step Act of 2018, § 602, 132 Stat. at 5238.

It is well established that an inmate has no constitutional right to be confined to a particular institution, Meachum v. Fano, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he will be confined in a particular prison. Olim v. Waukinekona, 461 U.S. 238 (1983). Thus, because the petitioner has no protected liberty interest in being placed in an RRC or on home detention prior to his release, and the decision whether to make such placement is clearly a matter of prison management within the knowledge and expertise of BOP officials, this Court cannot intervene in that decision unless a clear constitutional violation occurred.

The petitioner makes no claim that the BOP has committed a constitutional violation. He simply argues that as a result of medical negligence or deliberate indifference to his shoulder injury, he has a clear and compelling reason for immediate release to either home confinement or other pre-release placement. In short, the petitioner is requesting that this Court order the BOP to place him in an RRC for twelve months or, in the alternative, place him on home confinement. This Court does not have the authority to do so.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that this petition be **DENIED and DISMISSED WITHOUT PREJUDICE**. In addition, the undersigned recommends that

the petitioner's pending motions: (1) for a preliminary injunction[4] [ECF No. 10]; (2) for a hearing [ECF No. 11]; (3) to supplement the petition with an email chain [ECF No. 13]; (4) seeking summary judgment [ECF No. 15];  and to expedite [ECF No. 18]  be **DENIED AS MOOT**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court.  The Clerk is directed to terminate the Magistrate Judge's association with this case.     The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected

---

[4]The petitioner is seeking a preliminary injunction based on his claims of medical negligence and deliberate indifference which again are not properly raised in a § 2241 petition.

on the docket sheet.

DATED: March 10, 2020.

                                        */s/ James P. Mazzone*
                                        JAMES P. MAZZONE
                                        UNITED STATES MAGISTRATE JUDGE