IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**MICHAEL ROMEO GERACI,**

    Petitioner,

v.

        **CIVIL ACTION NO. 5:19-CV-290**
        **(BAILEY)**

**HUDKINS, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of Magistrate Judge James P. Mazzone [Doc. 22]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on March 10, 2020. In that filing, the magistrate judge recommended that this Court deny and dismiss the § 2241 petition without prejudice [Doc. 1]. For the reasons that follow, this Court **ADOPTS** the R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1). Petitioner timely filed his objections on March 19, 2020 [Doc. 24]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## II.     Factual and Procedural History

The instant petition stems from a shoulder injury which petitioner alleges occurred at USP McCreary in 2013. On September 13, 2017, x-rays taken at FCI Gilmer revealed a probable rotator cuff injury. On May 13, 2019, an orthopedic specialist informed petitioner that he would need a shoulder replacement. In addition, the petitioner asks this Court to direct the Bureau of Prisons ("BOP") to immediately update his sentence computation in light of the First Step Act ("FSA") and release him to a Residential Reentry Center or Home Confinement effective November 20, 2019, so that he may seek proper medical care.

Petitioner amended his petition one month later in which he alleges that on November 1, 2019, he was informed that his pre-release packet had been returned, and he was to receive nine to twelve months of RRC placement, but he is now only to receive six months, nineteen days for a release to an RRC on April 20, 2020.

2

Petitioner argues the minimum RRC placement is contrary to both BOP policy recommendations as well as the Second Chance Act and the FSA. He asserts he has a compelling reason to seek immediate release to an RRC or Home Confinement so that he can get a shoulder replacement.

## III. Discussion

Petitioner claims he is entitled to early release based on the Second Chance Act and the FSA. On April 9, 2008, the Second Chance Act of 2007, Pub.L.No. 110-99, was enacted. It amended 18 U.S.C. § 3624 and provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." See 18 U.S.C. § 3624(c)(1). The statute provides that those conditions may include confinement in a community correctional facility/community corrections center/residential re-entry center, all of which are commonly known as a "half-way house." The statute provides that the decision to confine a prisoner in a "half-way" house shall be made on an individual basis and shall be made in light of several factors, most of which are identified in 18 U.S.C. § 3621(b). *See Miller v. Whitehead*, 527 F.3d 752 (8th Cir. 2008) (BOP may consider factors in addition to those identified in § 3621(b)). The factors identified in 18 U.S.C. § 3621(b) are as follows:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

3

> (4) any statement by the court that imposed the sentence-(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

As noted in the R&R, the petitioner has no constitutional right to be confined at a particular institution. *See Meachum v. Fano*, 427 U.S. 215, 223 (1976). Accordingly, the petitioner has no protected liberty interest in being placed in an RRC or home confinement, as that decision is a matter of prison management of the BOP. This Court cannot overrule that decision unless a clear constitutional violation has occurred. This Court finds the petitioner has made no such showing.

Federal regulations dictate that a federal inmate may be released into an RRC for a maximum of twelve (12) months. 28 C.F.R. §§ 570.20-21. However, federal regulations do not establish any minimum amount of time that a federal inmate must spend in an RRC. Id. Similarly, federal regulations do not mandate that federal prisoners must be released to an RRC at all. Id. The BOP has exclusive discretion to determine whether, and for how long, to release an inmate to an RRC. *Syrek v. Phillips*, No. 5:07-cv-111, 2008 WL 4335494, *3 n. 1 (N.D. W.Va. Sept. 17, 2008) (citing *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005)); *Pennavaria v. Gutierrez*, No. 5:07-cv-29, 2008 WL 619197, at *3 (N.D. W.Va. Mar. 4, 2008). The fact that the BOP can assign a prisoner to an RRC does not mean that it must. *Woodall*, 432 F.3d at 251.

4

With respect to home confinement, the FSA amended 18 U.S.C. § 3624(c)(2) to provide:

> Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2); First Step Act of 2018, § 602, 132 Stat. at 5238.

It is well established that an inmate has no constitutional right to be confined to a particular institution, *Meachum v. Fano*, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he will be confined in a particular prison. *Olim v. Waukinekona*, 461 U.S. 238 (1983). Thus, because the petitioner has no protected liberty interest in being placed in an RRC or on home detention prior to his release, and the decision whether to make such placement is clearly a matter of prison management within the knowledge and expertise of BOP officials, this Court cannot intervene in that decision unless a clear constitutional violation occurred.

The R&R states that the petitioner makes no claim that the BOP has committed a constitutional violation. Rather, he simply argues that as a result of medical negligence or deliberate indifference to his shoulder injury, he has a clear and compelling reason for immediate release to either home confinement or other pre-release placement. In short, the petitioner is requesting that this Court order the BOP to place him in an RRC for twelve months or, in the alternative, place him on home confinement. This Court does not have

5

the authority to do so.

In his Objections [Doc. 24], petitioner simply reiterates that he has set forth a Constitutional violation based on the Eight Amendment deliberate indifference to his medical needs based on his shoulder injury. As the R&R correctly notes, the proper avenue to address such claims is under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and/or a Federal Tort Claims Act, not a petition pursuant to 28 U.S.C. § 2241.

The R&R also correctly notes that the petitioner's Good Conduct Time was updated on October 8, 2019, to reflect the change pursuant to the FSA. Petitioner was awarded 54 days for each year of his imposed sentence, or 540 days; however, he had a total of 40 days of disallowed Good Conduct Time due to disciplinary infractions [Doc. 15-2 at 5]. Accordingly, his release date is November 25, 2020.

In summary, the petitioner enjoys no guarantee of, or constitutional right to, a twelve-month RRC term of placement. Furthermore, for the reasons noted, the petitioner's Unit Team complied with the Second Chance Act by applying the criteria of 18 U.S.C. § 3621 to the specific facts of his case. Simply put, the BOP did all that was required. Therefore, the petition will be dismissed.

## Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 22]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the § 2241 petition **[Doc. 1]** is **DISMISSED WITHOUT PREJUDICE**. The petitioner's Objections **[Doc. 24]** are

**OVERRULED**. In light of the above, the petitioner's Motion for Preliminary Injunction **[Doc. 10]**, Motion for a Hearing **[Doc. 11]**, Motion to Supplement the Petition with an Email Chain **[Doc. 13]**, Motion for Summary Judgment **[Doc. 15]**, and Motion to Expedite **[Doc. 18]** are **DENIED AS MOOT**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Simpkins has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** March 23, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE